UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.

**MICHAEL KEEVER, individually, and
as the class representative of others
similarly situated,**

    **Plaintiff,**

vs.

**BELLE VISTA BLUFFS, INC.
a Florida Registered Corporation, and**

**BEVERLY C. MACKIN, individually.**

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, **MICHAEL KEEVER**, individually, and as class representative of others similarly situated (herein after referred to as "**KEEVER**"), by and through his undersigned counsel, sues **BELLE VISTA BLUFFS, INC.** a Florida Corporation, and **BEVERLY C. MACKIN**, individually (collectively referred to as "Defendants") for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA") 29 USC § 206 and §207 and states as follows:

## PRELIMINARY STATEMENT

1. The Plaintiff brings this action for violations of the FLSA § 206 for failure to pay minimum wage compensation and §207 for failure to pay overtime compensation at one and one half the normal rate of pay for all hours worked in excess of forty (40) hours per work week.

2. Defendants unlawfully misclassified Plaintiff KEEVER as an exempt employee to avoid compensating him minimum wages and overtime.

3. Defendants failed to pay Plaintiff in accordance with the FLSA.

4. Specifically, Plaintiff was not paid minimum wages for all hours worked and was not paid overtime at one and one half regular hourly pay for all hours worked in excess of 40 hours per work week.

5. Plaintiff was not paid the salary basis minimum that meets the definition of exempt under the FLSA.

6. In this pleading, "Defendants", means the named Defendants, **BELLE VISTA BLUFFS, INC.** and **BEVERLY C. MACKIN**, individually, and other corporation, organization, or entity responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

7. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.

8. Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 USC §§ 1331 and 1337 and 29 USC § 216(b), because this action involves a federal question under the Fair Labor Standards Act.

10. The Court has supplemental jurisdiction with respect to claims arising under state law pursuant to 28 USC § 1367.

11. Venue is proper in the District Court, because Defendants operate substantial business in Middle District of Florida. Furthermore, the damages complained of occurred in Middle District of Florida at the Defendants' place of business located in the Middle District of Florida.

12. Plaintiff is a resident of Middle District of Florida and was employed by Defendants as a medical technician/caregiver from approximately September 25, 2019 until present.

13. At all times relevant to this action, Plaintiff has been an employee within the meaning of 29 USC § 203(e)(I).

14. Defendant, **BEVERLY C. MACKIN**, is a Florida resident and/or individual who conducts business in the State of Florida. She is the sole shareholder of **BELLE VISTA BLUFFS, INC**. She created and directed the pay practices and controlled and directed the work of Plaintiff.   **BEVERLY C. MACKIN** is also an officer and manager of Defendant, **BELLE VISTA BLUFFS, INC.,** thus making her an employer within the meaning of the FLSA.   See In Re: Van Diepen, P.A., 236 F. App'x 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

15. The FLSA defines "employer" as any "person" acting directly or indirectly in the interests of an employer in relation to an employee.   29 USC § 203(d).   See also Boucher v. Shaw, 572 Fed. 3d 1087, 1090 (9th Cir. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer", but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

16. Defendant, **BELLE VISTA BLUFFS, INC.**, is a Florida Corporation with its principal address at 1138 Rosemary Dr., Largo, FL 33770 and may be served through its registered agent for service of process, **BEVERLY C. MACKIN**, at 1138 Rosemary Dr., Largo, FL 33770.

17. At all times material hereto, **BELLE VISTA BLUFFS, INC.** was an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At all times material hereto, **BELLE VISTA BLUFFS, INC.** was the "employer" of Plaintiff within the meaning of the FLSA, 29 USC § 203.

19. This action is brought under the FLSA to recover from Defendants unpaid overtime wages, unpaid minimum wages, monies due and owing, liquidated damages, and reasonable attorneys' fees and costs.

20. All conditions precedent to the filing of this action have been performed.

## GENERAL ALLEGATIONS

21. Plaintiff KEEVER was employed by Defendants as a medical technician/caregiver from approximately September 25, 2019 until present.

22. Plaintiff's job duties as a medical technician/caregiver included dressing, showering, transferring, cleaning, monitoring, distribute medication, and cooking for residents, along with all other activities so directed by **BELLE VISTA BLUFFS, INC.** and its officers and agents.

23. At all times relevant, Plaintiff was supervised by **BELLE VISTA BLUFFS, INC's** officers and agents and did not have the right to independent operations or decision making.

24. Defendants further agreed to pay Plaintiff $12.00 per hour for work performed.

25. Defendants' failure to properly pay Plaintiff was a willful violation of the FLSA.

26. Defendants have no good faith basis for failing to pay Plaintiff appropriately, nor for failing to pay the appropriate overtime.

27. Plaintiff's actual payment from Defendants did not amount to minimum wage as required by FLSA.

28. Defendants have no good faith basis for failing to pay Plaintiff appropriately nor for failing to pay the appropriate minimum wages due.

29. Defendants, as business owners, are fully aware of the minimum hourly pay, overtime, and classification of individuals performing work for the Defendants.

30. Plaintiff does not have the authority to hire, fire, or discipline other employees.

31. Plaintiff is a non-exempt employee whose duties dictate the same; his job duties do not involve the use of discretion in the performance of his job.

32. Plaintiff's position is subject to the FLSA wage provisions.

33. Defendants compensated KEEVER at a rate of $12.00 per hour for hourly work on the clock, but they required him to clock out after a certain time and did not pay any regular wages for hours worked off the clock or one and one half times regular wages for overtime hours worked by the Plaintiff in excess of 40 hours per work week.

34. Plaintiff complained to Defendants regarding their unlawful pay practices.

### COUNT I
### VIOLATION OF MINIMUM WAGE PROVISIONS OF THE FLSA § 206

35. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraph 1 through 34 as if fully set forth herein.

36. KEEVER was an employee of Defendants within the meaning of 29 USC § 203(e)(1).

37. Defendants are employers within the meaning of 29 USC § 203(d).

38. The minimum wage provisions set forth in FLSA § 206 apply to Defendants, who engaged in commerce under the definition of the FLSA.

39. During the relevant time period, KEEVER was not paid minimum wage compensation for all of the hours he worked for Defendants.

40. During the relevant time period, Defendants required KEEVER, a non-exempt employee under the FLSA, to work and compensated him less than the minimum hourly wage.

41. Defendants are, or should have been, aware of FLSA's minimum wage requirements, its provisions and exemptions, and know, or should have known, that withholding wages from KEEVER constituted a willful violation of the FLSA.

42. Therefore, Defendants willfully and intentionally engage in a pattern and practice of violating the minimum wage provisions of the FLSA by refusing to pay KEEVER a minimum hourly wage for all hours worked.

43. Defendants cannot show in good faith reliance upon any factor or law for failing to pay the lawful minimum hourly rate of pay for all hours worked by KEEVER.

44. Evidence reflecting the precise number of hours worked by KEEVER is in the possession of Defendants. If these records are unavailable, KEEVER may establish the hours he worked solely by his testimony, and the burden of overcoming such testimony shifts to the employer.   See Anderson v. Mount

<u>Clemens Pottery Company</u>, 328 US 680 (1946).

45. KEEVER is entitled to a minimum hourly rate for each hour worked.

46. As a direct result of Defendants' violation of the FLSA, KEEVER suffered damages by being denied minimum wages in accordance with Section 206 and Section 216(b) of the FLSA in addition to the damages associated with the loss of his Social Security and employer contributions to Social Security benefits.

47. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of KEEVER.

**WHEREFORE**, Plaintiff, **MICHAEL KEEVER**, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A. Order Defendants to pay an award of damages to fully compensate KEEVER for minimum hourly wages and other compensation to which he is entitled;

B. Order Defendants to pay liquidated damages;

C. Order Defendants to pay prejudgment interest on all sums due KEEVER;

D. Order Defendants to pay compensatory damages allowable at law;

E. Order Defendants to pay an award of attorney's fees pursuant to 29 USC § 216(b) and grant such further relief as the court deems just, necessary, and proper.

**COUNT II**
**VIOLATION OF OVERTIME PROVISIONS OF THE FLSA (§ 207)**

48. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraph 1 through 34 as if fully set forth herein.

49. Plaintiff was an employee of Defendants within the meaning of 29 USC § 203(e)(1).

50. Defendants are employers within the meaning of 29 USC § 203(d).

51. The overtime wage provisions set forth in FLSA § 207 apply to Defendants, who engaged in commerce under the definition of the FLSA.

52. During the relevant time period, Plaintiff was not paid overtime compensation for all hours worked in excess of forty (40) hours per week.

53. During the relevant time period, Defendants required Plaintiff, a non-exempt employee under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

54. Defendants are, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

55. Therefore, Defendants willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) hours per week.

56. Defendants cannot show in good faith reliance upon any factor or law for failing to pay overtime compensation at a rate of one- and one-half times Plaintiff's ordinary rate of pay.

57. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendants. If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony, and the burden of overcoming such testimony shifts to the employer. See <u>Anderson v. Mount Clemens Pottery Company</u>. 328 US 680 (1946).

58. Plaintiff is entitled to time and one-half of his regular hourly rate for each hour worked in excess of forty (40) hours per work week.

59. As a direct result of Defendants' violation of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b) of the FLSA, in addition to the damages associated with the loss of his Social Security and employer contributions to Social Security benefits.

60. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

**WHEREFORE**, Plaintiff, **MICHAEL KEEVER**, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A. Order Defendants to pay an award of damages to fully compensate **KEEVER** for overtime wages and other compensation to which he is entitled;

B. Order Defendants to pay liquidated damages;

C. Order Defendants to pay pre-judgment interest on all sums due Plaintiff;

D. Order Defendants to pay compensatory damages allowable at law;

E. Order Defendants to pay an award of attorney's fees pursuant to 29 USC § 216(b) and grant such further relief as the court deems just, necessary, and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all issues so triable.

**WHEREFORE**, the Plaintiff, **MICHAEL KEEVER**, individually and as the class representative of others similarly situated, demands judgment for damages, including punitive damages, against the Defendants, **BELLE VISTA BLUFFS, INC.** and **BEVERLY C. MACKIN**, together with such other and further relief as this Honorable Court deems necessary and appropriate.

Dated this: January 8, 2020

TRAGOS, SARTES & TRAGOS, PLLC

/s/ Peter A. Sartes, MBA/JD

Peter A. Sartes, MBA/JD
Florida Bar Number: 0582905
Email:   peter@greeklaw.com

/s/ Peter L. Tragos, Esq.

Peter L. Tragos, Esq.
Florida Bar Number 106744
Email:   petertragos@greeklaw.com

601 Cleveland St Suite 800
Clearwater, FL   33755
Telephone: (727) 441-9030
Fax: (727) 441-9254
Secondary E-Mail: patrick@greeklaw.com